UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSUE VEGA,

                Plaintiff,

-v-

TRINITY REALTY CORP., *et al.*,

                Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-25-2015

No. 14-cv-7417 (RJS)
OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

On September 12, 2014, Plaintiff Josue Vega – a general contractor for Defendants' residential apartment buildings who asserts that he was on call 24 hours per day, seven days per week – commenced this action alleging that Defendants violated (1) the overtime and minimum wage provisions of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"), and (2) the NYLL's requirement that Defendants provide Plaintiff proper wage statements. (Doc. No. 1.) Following a default judgment hearing on March 6, 2015, the Court entered a default against Defendants Philip Phan and Trinity Realty Corp.[1] and referred this action to the Honorable Kevin Nathaniel Fox, Magistrate Judge, for "an inquest on damages, consistent with the reasoning of *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572 (S.D.N.Y. 2013) (Gardephe, J.), and *Moon v. Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002) (Lynch, J.)." (Doc. No. 16.)

Now before the Court is the Report and Recommendation issued by Judge Fox on July 28, 2015 (Doc. No. 27 (the "Report")), recommending that Plaintiff be awarded: (1) $30,737.20

---

[1] Plaintiff never served Defendant Joseph Phan, who is deceased. (Doc. No. 6 at 2.)

in damages; (2) $61,474.40 in liquidated damages; (3) $2,500 in statutory damages; (4) $7,215.25 in attorneys' fees; (5) $540 in costs; (6) $5,532.68 in prejudgment interest; and (7) postjudgement interest, to be calculated pursuant to 28 U.S.C. § 1961. In the Report, Judge Fox advised the parties that objections were due by August 11, 2015, and that failure to file timely objections to the Report would constitute a waiver of those objections. (*Id.* at 15–16); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Neither party filed any objections. For the following reasons, the Court adopts the Report in its entirety except with respect to the endpoint of the prejudgment interest period, which the Court finds to be November 25, 2015 – the date of this Opinion and Order – not April 30, 2015, which is the date that Plaintiff submitted his inquest brief.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, neither party has made any objections, the Court reviews the Report for clear error. *Remsen Funding Corp. of New York v. Ocean W. Holding Corp.*, No. 06-cv-15265 (DLC), 2009 WL 874212, at *1 (S.D.N.Y. Mar. 31, 2009).[2] "The parties' failure to file written objections precludes appellate review of this decision." *Id.* at *2 (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also FDIC v. Hillcrest Associates*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Finding no clear error in Judge Fox's thorough and well-reasoned Report, the Court adopts the Report in its entirety, except with respect to the endpoint of the prejudgment interest

---

[2] Even if the Court were to apply the *de novo* standard of review, the Court would reach the same conclusion.

period. In particular, it should be noted that even though Plaintiff conclusorily asserts that he was on call 24 hours per day, seven days per week, the Report's determination not to award damages for such an extensive period was not clearly erroneous, since Plaintiff "did not state what, if any, work he performed and for how long during the evening hours[] after he finished his daily work and before he went to sleep, and he failed to describe the nature, extent or frequency of such work." (Report at 11.) Nor does the Court find error in the Report's conclusion that Plaintiff's requested attorneys' fees should be reduced by thirty percent. (*Id.* at 12–14.) Indeed, the Report's careful and painstaking review of Plaintiff's counsel's contemporaneous time records in this action revealed that "plaintiff's attorneys charged the plaintiff for errors they committed when attempting to file documents electronically, owing to their failure to comply with the court's Electronic Case Filing system rules." (*Id.* at 13.) As appropriately chronicled by Judge Fox, the amount of hours billed by Plaintiff's counsel on tasks arising from their own errors is staggering. (*Id.* at 12–14.) Moreover, Plaintiff's counsel fails to explain why three attorneys, including a partner and senior counsel, *all* needed to perform the same routine, administrative tasks, such as conducting "email correspondence with case openings." (*Id.* at 13.) Finally, Plaintiff's counsel inappropriately used attorneys to perform other administrative tasks that properly should have been performed by paralegals, such as researching Defendants' addresses. (*Id.* at 13–14.) Thus, the Court finds that Judge Fox properly reduced Plaintiff's counsel's requested attorneys' fees award and concludes that there is no clear error in the Report's determination of attorneys' fees.

With respect to the Report's prejudgment interest calculations, the Report correctly recommends an award of prejudgment interest at the New York statutory rate of nine percent per year. *See* N.Y. C.P.L.R. § 5004. There is also no clear error in the Report's use of April 30,

3

2013 as the start of the prejudgment interest period. *See Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011). However, the Court finds that the endpoint of the prejudgment interest period is November 25, 2015, the date of this Opinion and Order, and not April 30, 2015, the date that Plaintiff submitted his inquest brief. *See Remsen Funding Corp. of New York*, 2009 WL 874212, at *1. Accordingly, Plaintiff is entitled to $7,116.69 in prejudgment interest, which encompasses a total period of 939 days, not the $5,532.68 encompassing a period of 730 days recommended in the Report. (Report at 15.)

For the reasons set forth above and in Judge Fox's Report, IT IS HEREBY ORDERED THAT judgment is entered against Defendants Philip Phan and Trinity Realty Corp. for the following sums: (1) $30,737.20 in damages; (2) $61,474.40 in liquidated damages; (3) $2,500 in statutory damages; (4) $7,215.25 in attorneys' fees; (5) $540 in costs; (6) $7,116.69 in prejudgment interest; and (7) postjudgement interest, to be calculated pursuant to 28 U.S.C. § 1961. With respect to Defendant Joseph Phan, the Clerk of the Court is respectfully directed to terminate this Defendant from the docket sheet. Finally, the Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 20 and to close this case.

SO ORDERED.

Dated:   November 25, 2015
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4