UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSUE VEGA,

                     Plaintiff,

  -v-

TRINITY REALTY CORP., *et al.*,

                     Defendants.

No. 14-cv-7417 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of the attached letter from Defendants Trinity Realty Corporation and Phillip Phan, dated October 16, 2020, requesting leave to file a motion to vacate the default judgments entered in this action on March 6, 2015 and November 25, 2015 (Doc. Nos. 16, 28–29). Specifically, Defendants seek relief under Federal Rule of Civil Procedure 60(b)(4), arguing that the judgments are void for lack of personal jurisdiction as Plaintiff Josue Vega did not properly serve Defendants with the summons or complaint.

      IT IS HEREBY ORDERED THAT Defendants' request is granted. Accordingly, Defendants shall file their motion to vacate the default judgments no later than November 2, 2020. Plaintiff shall file any opposition to that motion no later than November 16, 2020. Defendants may then submit a reply no later than November 23, 2020. IT IS FURTHER ORDERED THAT the parties' memoranda of law shall comply with the type face and length requirements set forth in Rule 2.B of the Court's Individual Rules and Practices.

SO ORDERED.

Dated:     October 19, 2020
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation



**Joseph W. Carbonaro, Esq.**
757 Third Avenue, 20th Floor
New York, NY 10017
T 212-888-5200
F 212-898-0394
E joe@jcarbonarolaw.com

October 16, 2020

Hon. Richard J. Sullivan
United States Circuit Court Judge
Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

Re: *Josue Vega, on Behalf of Himself and Others Similarly-Situated v. Trinity Realty Corp., Joseph Phan and Phillip Phan, in their Individual and Professional Capacities*
Civil Action No.: 14-cv-07417(RJS)

Your Honor:

This office represents defendants Trinity Realty Corporation and Phillip Phan in the above referenced action, which had been assigned to Your Honor while in the District Court. Although I am aware that Your Honor now sits on the Court of Appeals, the undersigned was instructed by the Clerk of the Court to follow your Individual Rules of Practice and that Your Honor would decide whether to preside over this matter or have it referred to a District Court Judge.

I write in accordance with the Court's Individual Rules of Practice Rule 1-A and 2-A seeking leave to file a motion to vacate the default judgments entered against the Defendants herein.

This action was brought pursuant to the federal Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") for unpaid wages, liquidated damages, attorneys' fees and statutory damages based on the alleged failure to properly compensate Plaintiff Josue Vega ("Vega") for his work as a janitor in defendant Trinity Realty Corporation's ("Trinity") building. Defendant Phillip Phan is Trinity's manager and owner. Defendant Joseph Phan died in 2012.

After a default judgment was entered against all named Defendants, the Court referred this case for inquest to Magistrate Kevin N. Fox, who made recommended findings of fact and rendered conclusions of law based upon the submissions of Plaintiff's counsel, including the Declaration of Josue Vega. After inquest, damages for unpaid wages in the amount of $30,737.20 were recommended; liquidated damages under the FLSA and NYLL for a total of $61,474.40 and statutory damages under the NYLL for failing to provide wage statements in the sum of $2,500 were further recommended. In addition, Magistrate Fox found that Plaintiff's counsel was entitled to $7,215.25 as attorneys' fees, $540 in costs, $5,532.68 in pre-judgment



interest and post-judgment interest, which is ongoing. In Your Honor's November 25, 2015 Decision and Order, Magistrate Fox's Findings and Recommendations were accepted, and judgment was entered in the amounts set forth above.

   This letter seeks leave to file a motion to vacate the default judgments against Defendants Trinity and Philip Phan pursuant to Fed. R. Civ. P. 60(b). Specifically, the Default Judgment is void under 60(b)(4), because Plaintiff failed to properly serve the Summons and Complaint on Phillip Phan and Trinity Realty and accordingly, the Court never obtained personal jurisdiction over Phan or Trinity. Federal Rule of Civil Procedure 55 provides that a "court . . . may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides six reasons for relieving a party from a default judgment, including, under subdivision (4), that the judgment is void. Although Rule 60(b) provides that motions for relief, including a motion under Rule 60(b)(4), must be made "within a reasonable time," the Second Circuit has been "exceedingly lenient in defining the term 'reasonable time,' with respect to voidness challenges [under 60(b)(4), In fact, a motion to vacate a default judgment as void 'may be made at any time.'" *"R" Best Produce. Inc. v. DiSapio*, 540 F.3d 115, 123-24 (2d Cir. 2008).

   Defendants will establish that neither Trinity nor Phan was properly served. Substitute service on Phan was allegedly made at 1401 Pelham Parkway East, Bronx, NY on a person named "Trends Chung." However, Defendant Phan did not reside there and does not know a Trends Chung. Moreover, research shows that the address of 1401 Pelham Parkway East does not exist. Mr. Phan never lived there and never maintained an office there; nor did Trends Chung ever provide him with a copy of the Summons and Complaint. As to defendant Trinity, that the Secretary of State's "Receipt for Service" shows that service was made on Trinity at One Park Place, Suite 204, Albany, NY 12205. Upon information and belief, this is an address for a "Trinity Realty *Group, LLC*" as distinguished from Trinity Realty *Corp.*, the named defendant in this action. No defendant herein has any connection to Trinity Realty Group.

   The undersigned is advised that the only properties Trinity owned and/or managed as of the date process was purportedly served are 2414 University Avenue, Bronx, New York and 2340 University Avenue, Bronx, New York. Although Trinity owned these properties, defendant Phan did not reside at either of them. Moreover, as to Trinity, the Secretary of State's records are incorrect in that they reflect Trinity Realty's address to be 2340 University Avenue, Apt. 3-N, Bronx, New York, but state that its Chief Operating Officer's address (Joseph Phan) to be 2430 University Avenue, Apt. 3-N. Phillip Phan did not then reside at either location.

   The Second Circuit has held that "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pacific Financial Services*, 301 F.3d 54 at 57; see also *Davis v. Musler*, 713 F.2d 907 (2d Cir. 1983)

   As to the likelihood of success on the merits of Phan and Trinity's defense, the evidence would show not merely that Mr. Vega lived in a Trinity-run apartment (as he avers in his Declaration), but that he lived there <u>rent-free,</u> as part of his compensation. Mr. Phan estimates



that the market value of the apartment in which Vega lived was approximately $1200 per month. This factor was not and could not be taken into account by Magistrate Fox because although Mr. Vega disclosed that he lived in a Trinity apartment, he failed to disclose that he lived there without payment of rent, which was part of his compensation.

Under the FLSA and NYLL, lodging is considered a form of compensation and must be included when determining wages paid. "Under § 203(m) of the FLSA, the definition of wage "includes the reasonable cost ...to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees..." 29 U.S.C. § 203(m)." *Estanislau v. Manchester Developers, LLC*, 316 F.Supp.2d 104 (2004). It is customary to provide lodging to janitorial staff. As to the NYLL, the Labor Department's Minimum Wage Order permits the employer to include as compensation towards the minimum amount required to be paid to the resident janitor, both the janitor's apartment's rent (12 NYCRR 141-1.5, and utilities 12 NYCRR 141-1.6. In this case, defendants provided both.

Finally, and contrary to Plaintiff's claims, Defendant can establish that Plaintiff was not required to remain on premises 24 hours per day, 7 days per week as he claimed, and that not only did Plaintiff have regular time off, he was frequently off-premises because he also worked for other landlords in the vicinity, of which Defendants were aware. It can be established that Plaintiff was essentially an independent contractor (and therefore exempt from the FLSA and NYLL's wage and hour requirements) because he was free to work elsewhere and was not supervised by the defendant Phan. More often than not, when tenants had emergency situation at off hours, it was Phan, not Vega, who responded because Vega was otherwise engaged or simply refused to respond. Moreover, as Housing Court records will show, Vega actually sublet a portion of his free apartment to other persons without Trinity's permission and for his own financial gain. He was ultimately evicted in part on this basis.

For the reason set forth above, Defendants Phan and Trinity ask the Court to permit Defendants to move to vacate the default judgments against them and to defend this action on its merits.

Respectfully yours,

Joseph W. Carbonaro

cc: Michael John Borrelli, Esq.
    Attorney for the Plaintiff via email